U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 6
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROOF TECHNICAL SERVICES, INC., ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:09-CV-586-A |
| KENNETH C. HILL, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion of defendants, Kenneth C. Hill, individually and d/b/a Hill Law Firm, and Hill & Hunn, LLP (collectively, "Hill"), to dismiss this action for lack of subject matter jurisdiction, the response of plaintiffs, Roof Technical Services, Inc. ("RTS") and Stephen L. Patterson ("Patterson"), thereto, and pertinent legal authorities, the court concludes that the motion should be granted and that this action should be dismissed.

I.

Factual & Procedural Background

Plaintiffs alleged the following facts in their original complaint:

Patterson invented a "roof venting technique" that relieves upward pressure exerted on a roof by wind blowing across the roof's surface. Compl. at 3, ¶ 8. RTS is the owner, by assignment, of the rights and title to Patterson's roofing

system. In March 2003, plaintiffs retained defendant Kenneth C. Hill, then with Hill & Hunn, LLP, and later with the Hill Law Firm, to secure patent protection for Patterson's roofing system. In the course of applying for a patent on Patterson's roofing system with the United States Patent and Trademark Office (the "PTO"), Hill made several errors. He (1) submitted a patent application that did not conform to applicable regulations; (2) failed to timely correct deficiencies in the application, causing it to be abandoned; (3) failed to timely file a petition to revive the abandoned application; (4) failed to inform plaintiffs that the application was deficient when filed, that it was abandoned, or that he failed to revive it; (5) ignored plaintiffs' requests for information regarding the status of the application; (6) gave plaintiffs incorrect and incomplete information regarding the status of the application; and (7) failed to cooperate with plaintiffs in explaining to the PTO why the delay in prosecuting the patent was unintentional. By the time plaintiffs retained new counsel, the ultimate deadline by which the application could be revived had lapsed. As a result, plaintiffs are unable to obtain federal patent protection for Patterson's roofing system.

Based on the allegations above, plaintiffs filed suit against defendants in this court, alleging legal malpractice, professional negligence, negligent misrepresentation, and breach of fiduciary duty—all state-law causes of action. Because there is no diversity of citizenship between the parties, the issue is

2

whether this action "arises under" federal patent law for the purpose of establishing federal jurisdiction.

II.

Applicable Principles of Subject Matter Jurisdiction

Pursuant to 28 U.S.C. §§ 1331 and 1338(a), federal courts have jurisdiction over civil actions "arising under" federal law and specifically over actions "arising under" any federal law relating to patents. Two types of actions "arise under" federal law: those in which the plaintiff pleads a cause of action created by federal law, see, e.g., Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) (Holmes, J.), and those in which the plaintiff pleads a state-law cause of action that implicates significant federal issues, see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). See also Smith v. Kan. City Title & Trust Co., 255 U.S. 180, 199 (1921).[1]

In Grable, however, the Supreme Court made clear that even when there is a significant federal issue embedded in a state-law cause of action, "the exercise of federal jurisdiction is subject to a possible veto." 545 U.S. at 313. It emphasized that determining whether a state-law cause of action "arises under" federal law requires an assessment of the detrimental effect of

---

[1] Although all of the cases cited in this section of the court's memorandum opinion and order construe the phrase "arising under" as it appears in § 1331, the general federal question jurisdiction statute, the Supreme Court has stated that it applies that same test to determine whether an action arises under § 1338(a), the patent jurisdiction statute, as under § 1331. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 829-30 (2002); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988).

3

exercising jurisdiction on federalism, and that a federal court should decline to exercise jurisdiction where doing so would be inconsistent with "congressional judgment about the sound division of labor between state and federal courts." Id. Thus, the Grable Court narrowed the second category of actions that "arise under" federal law to include only those state-law actions that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314; accord Singh v. Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008).

In determining whether an action meets this test, the court follows the well-pleaded complaint rule. Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983); Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003). That is, the court determines whether an action "arises under" federal law solely from what appears on the face of a plaintiff's complaint, without reference to any anticipated defenses or counterclaims. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

### III.

### Analysis

As previously stated, plaintiffs' well-pleaded complaint asserts legal malpractice, professional negligence, negligent misrepresentation, and breach of fiduciary duty. Plaintiffs concede that all of these causes of action are created by state

4

law.  They argue, however, that this action "arises under" federal law because their claims raise substantial issues of federal patent law.

To support their argument, plaintiffs rely heavily on <u>Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.</u>, 504 F.3d 1262 (Fed. Cir. 2007) and <u>Immunocept, LLC v. Fulbright & Jaworski, LLP</u>, 504 F.3d 1281 (Fed. Cir. 2007), two cases in which the United States Court of Appeals for the Federal Circuit found "arising under" jurisdiction over state-law legal malpractice claims stemming from patent prosecution and patent litigation.  In <u>Air Measurement</u>, the plaintiffs sued their attorneys, alleging that the attorneys' failure to adequately prosecute their patents forced them to settle several patent infringement lawsuits for below fair market value.  <u>See</u> 504 F.3d at 1266.  Applying Texas law, the court found that to determine if the attorneys' negligence proximately caused the plaintiffs' alleged damages, a court would have to determine whether the plaintiffs would have prevailed in the underlying infringement lawsuits.  <u>See id.</u> at 1268-69.  Because such a determination would require an analysis of whether the plaintiffs' patents had been infringed, the court found that patent infringement was a necessary element of the plaintiffs' well-pleaded malpractice claim, and, therefore, that the action raised a substantial patent law issue.  <u>See id.</u> at 1269.  Similarly, in <u>Immunocept</u>, the plaintiffs alleged that their attorneys' drafting error reduced the scope of their patent, thereby allowing their

5

competitors to copy the unprotected technology. See 504 F.3d at 1283-85. The Federal Circuit found that to determine proximate cause, a court would have to analyze the scope of the plaintiffs' patent and that patent scope was a substantial patent law issue. See id. at 1285.

Plaintiffs analogize their situation to those in Air Measurement and Immunocept by noting that to prevail on their claims, they may have to prove that "but for" defendants' negligence, they would have acquired a patent. See Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., 48 S.W.2d 865, 874 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("To prove a cause of action for legal malpractice, the plaintiff must establish that he would have prevailed on the underlying causes of action and would have been entitled to a judgment but for his attorney's negligence."). This, in turn, will require the reviewing court to analyze whether Patterson's invention was patentable under the patent laws, which plaintiffs assert is a substantial patent law issue. Plaintiffs also argue that their malpractice claim raises substantial patent law issues because the standard of care against which defendants' conduct will be measured is determined in part by reference to patent regulations and guidelines. Finally, plaintiffs argue that determination of damages also raises substantial patent law issues because the court will have to determine the value of the lost patent.

The court finds plaintiffs' arguments unpersuasive.[2] Although plaintiffs' claims may raise patent law issues, those issues are not "actually disputed and substantial." Moreover, exercising federal jurisdiction over actions like this one would disturb the balance of federal and state judicial responsibilities by sweeping an entire category of traditionally state cases into federal court.

Substantial issues are those that "indicat[e] a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable, 545 U.S. at 313. In Grable, the plaintiff brought a state-law quiet title action claiming that the defendant's record title was invalid because the IRS, in seizing the plaintiff's property to satisfy a federal tax delinquency, failed to notify the plaintiff of the seizure in the manner required by a federal tax statute. See id. at 310-11. The only disputed issue in the case was the type of notice required by the statute. See id. at 311. The Supreme Court recognized a federal interest in adjudicating the matter in federal court because "the meaning of a federal tax provision is an important issue of federal law" and because "[t]he Government has a strong interest in the 'prompt and certain collection of delinquent taxes.'" Id. at 315. The Court later explained that

---

[2] It is unclear whether decisions of the Federal Circuit determining the scope of federal jurisdiction in patent-related matters are binding on this court. See Warrior Sports, Inc. v. Dickinson Wright, PLLC, 632 F. Supp. 2d 694, 698 n.4 (E.D. Mich. 2009). However, because the court concludes that this case is factually distinguishable from Air Measurement and Immunocept, the court does not address the question.

the issue in <u>Grable</u> warranted a federal forum because it was "a nearly pure issue of law." <u>Empire HealthChoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 700 (2006) (internal quotation marks omitted). The Court in <u>Empire HealthChoice</u> also emphasized that the issue in <u>Grable</u> was both dispositive of the case and would be controlling in numerous other tax sale cases. <u>See</u> <u>id.</u>

Keeping in mind the factors found important in <u>Grable</u> and <u>Empire HealthChoice</u>, nothing indicates a serious federal interest in adjudicating this action in federal court. The federal issues identified by the plaintiffs are not important issues of law. The court will not, for example, have to determine the meaning of federal patent law. Moreover, because the potential federal issues require only application of federal law to the specific facts of this case, the resolution of those issues will not be controlling in numerous other cases. As the Court recognized in <u>Grable</u>, it has rejected the notion that "mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." 545 U.S. at 313; <u>see</u> <u>Empire HealthChoice</u>, 547 U.S. at 700-01 (distinguishing facts before it from those in <u>Grable</u> by noting that plaintiff's claim was "fact-bound and situation-specific"); <u>Singh</u>, 538 F.3d at 339 (finding embedded federal issues insubstantial where "the federal issue [was] predominantly one of fact"); <u>see also</u> <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1299-1300 (11th Cir. 2008) (finding embedded federal issues insubstantial where adjudication required only application of law to facts).

8

Finally, there is no interest at stake in this case that is comparable to the government's interest in the "prompt and certain collection of delinquent taxes" in <u>Grable</u>. To be sure, there is a federal interest in the uniform application of patent laws, but that interest is not implicated here, where no patent rights are actually at stake. No patent has issued for Patterson's invention and none will issue. Thus, even if the court must decide patent law issues, those decisions will not create or destroy any patent rights such that uniformity in the way patents are issued or enforced will be threatened. In other words, the determinations that might occur in this action do not "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." <u>Grable</u>, 545 U.S. at 312; <u>see also</u> <u>Warrior Sports, Inc. v. Dickinson Wright, PLLC</u>, 632 F. Supp. 2d 694, 699-700 (E.D. Mich. 2009) (finding that federal issues were not substantial in legal malpractice action stemming from patent attorney's failure to pay maintenance fee or timely reinstate plaintiff's patent).

Not only are the potential federal issues insubstantial, but allowing this action to proceed in federal court would disturb the balance of federal and state judicial responsibilities. Unlike in <u>Grable</u>, it will not be "the rare [legal malpractice] case that raises a contested matter of federal law." 545 U.S. at 315. All legal malpractice plaintiffs proceeding on a negligence theory must show that, absent their attorney's negligence, they would have won the underlying litigation, consummated the deal,

9

or acquired the patent. Thus, every legal malpractice action in which the attorney commits the alleged malpractice while handling a federal matter will raise a federal issue. Extending federal jurisdiction to all such actions would therefore sweep an entire category of cases, traditionally the domain of state courts, into federal court. After Grable, that result is untenable. See id. at 319 ("A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal court.").

In Singh, the Fifth Circuit reached the same conclusions with respect to a legal malpractice claim stemming from trademark litigation. See 538 F.3d at 338-40. In that case, the court held that the plaintiff's action did not "arise under" federal law even though to prevail, the plaintiff would have had to prove that his trademark had acquired secondary meaning. See id. The court reasoned that the trademark issue was not substantial and that exercising jurisdiction would, for the reason discussed above, disrupt the balance between federal-state judicial responsibilities. See id. In doing so, it expressly declined to follow or extend Air Measurement, saying, "the court [in Air Measurement] . . . did not consider the reasons addressed here, involving the federal interest and the effect on federalism." Id. at 340. The Singh court limited its holding to legal malpractice actions stemming from trademark litigation, but its

reasoning is equally applicable to the facts of this case.  See id. at 340.

"[D]eterminations about federal jurisdiction," particularly those concerning the exercise of federal jurisdiction over state-law claims, "require sensitive judgments about congressional intent, judicial power, and the federal system." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 810 (1986). Boiled down, this action is about defendants' failure to meet deadlines and communicate with their clients. Patent issues are merely floating on the periphery. Thus, this action does not belong in federal court.

IV.

Order

Therefore,

For the reasons discussed above,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiffs against defendants be, and are hereby, dismissed for lack of subject matter jurisdiction.

SIGNED January 6, 2010.

JOHN McBRYDE
United States District Judge

11